**SO ORDERED.**

**SIGNED May 11, 2007.**



_____
**ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE**

_____

```
         UNITED STATES BANKRUPTCY COURT
          WESTERN DISTRICT OF LOUISIANA


IN RE:

MAX GOFF                            CASE NO. 06-20109

   Debtor                           CHAPTER 13
```

---
### MEMORANDUM RULING
---

Max Goff ("Debtor") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on April 13, 2006. Presently before the court is the Debtor's Objection to Claim of Trina Ewing. A hearing on the matter was held on April 19, 2007, at which time the matter was taken under advisement.

Trina Ewing ("Ewing") has filed a secured proof of claim in the amount of $9,778.96, which claim arises from a judgment rendered against the Debtor. This judgment is recorded in the records thus creating a judicial lien on any non-exempt immovable

property owned by the Debtor. The Debtor asserts that there is no equity in non-exempt property and as such, the claim is unsecured.

The Debtor owns real estate located at 1315 15th Street in Lake Charles, Louisiana. The property at issue involves a city tract consisting of three contiguous lots. The Debtor's house sits on one lot and a garage apartment on the second lot. The third lot does not contain any structures or improvements. All three contiguous lots are surrounded by a fence, and the entire tract is used as the homestead. Two of the three tracts are encumbered by a mortgage to Wells Fargo Home Mortgage, Inc. in the amount of $72,294. The sole question presented by the parties is whether the Debtor's homestead exemption applies to all three lots. Ewing contends that the exemption does not apply to the third tract, which is unencumbered by Wells Fargo's mortgage. Accordingly, Ewing contends that her claim is fully secured. Ewing relies heavily on how the city and parish treat the property for tax purposes. The court must, however, focus solely on the exemption laws.

Louisiana is an "opt-out" state with respect to exemptions in bankruptcy. 11 U.S.C. § 522(b), and LSA-R.S. 13:3881(B)(1). Consequently, debtors filing bankruptcy cases in Louisiana are limited to claiming only those exemptions allowed by Louisiana law and Federal statutes other than 11 U.S.C. § 522(d). Bankruptcy courts in "opt-out" states who are called upon to apply that

06-20109 - #59-1  File 05/11/07  Enter 05/11/07 15:48:30  CORRECT PDF FILE Pg 2 of 4

state's exemption laws are bound to apply that law in accordance with the interpretations thereof by that state's judiciary.

Pursuant to LSA-R.S. 20:1(A)(1),

> The bona fide homestead consists of a residence occupied by the owner and the land on which the residence is located, including any building and appurtenances located thereon, and any contiguous tracts up to a total of five acres if the residence is within a municipality, or up to a total of two hundred acres of land if the residence is not located in a municipality.

Accordingly, the exemption applies to homesteads that contain multiple tracts (lots) of land in a municipality as long as (1) the lots are contiguous, and (2) the lots collectively total 5 acres or less. Here, the evidence establishes that the Debtor occupies a house that sits on one of three city lots. The other two lots are contiguous to that lot. All three lots are enclosed within a common fence surrounding the Debtor's residence, and total less than 5 acres. Therefore, all three lots fall within the statute's definition of a "homestead," and the $25,000 exemption applies to all three lots. The fact that only part of the homestead is encumbered by Wells Fargo's mortgage does not change the fact that, under the statute, the $25,000 exemption applies to the homestead as a whole. Accordingly, while Ewing may have a security interest in the third lot – the lot that is not encumbered by Wells Fargo's mortgage – that lot is part of the Debtor's homestead, and the $25,000 exemption applies. The debtor contends – and Ewing does

Page 3

not dispute – that the value of this third lot (which has no improvements or structures) is less than the value of the Debtor's homestead exemption. Accordingly, Ewing's claim is not secured because there is no equity in the Debtor's property over and above the homestead exemption and Wells Fargo's mortgage.

For these reasons, the court finds that the claim is wholly unsecured. The Debtor's Objection to Claims is **SUSTAINED**. The claim of Trina Ewing is allowed, but only as an unsecured claim without priority.

**IT IS SO ORDERED.**

###